United States District Court
Southern District of Texas

**ENTERED**

March 11, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISLAM B., [1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-233 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
|     Respondents. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITIONER'S HABEAS PETITION**

Before the Court are Petitioner's "Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (Dkt. No. 1) ("Petition") and "Petitioner's Motion for Order to Show Cause Under 28 U.S.C. § 2243" (Dkt. No. 8) ("Motion to Show Cause"). It is recommended that the Petition be **DENIED** sua sponte[2] for lack of jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and, if it determines that it lacks subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Petition asks the Court to find that Petitioner's "continued detention is unlawful because the bond hearing he received was constitutionally inadequate." Dkt. No. 1 at 2. The alleged constitutional inadequacy stems from decisions made by the Immigration Judge in the bond hearing: first in incorrectly allocating "the burden of proof," *id.* at 3, and second in "presum[ing] flight risk solely based on Petitioner's ability to drive," *id.* at 2.

The Petition thus effectively asks this Court to review a decision committed to the discretionary judgment of the Attorney General, which this Court cannot do under the

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] A court must dismiss a case sua sponte "when it discovers it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

jurisdiction-stripping statutory provisions of the Immigration and Nationality Act. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1226(e).[3]

Because the Court lacks jurisdiction, it is recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), (2) **DENY** the Motion to Show Cause (Dkt. No. 8) as moot, and (3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with United States District Judge Roland Olvera 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.

Signed on March 11, 2026.

*Karen Betancourt*

Karen Betancourt
United States Magistrate Judge

---

[3] *See also Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (finding the Attorney General's discretionary judgment, "including the manner in which that discretionary judgment is exercised," is not subject to review); *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601, at *10 (W.D. Tex. Oct. 18, 2007) (finding that it did "not have jurisdiction to review the decision to deny release on bond"); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 679 (W.D. Tex. 2025) (noting that, in a "case in which a bond hearing was held, an individualized assessment was made regarding the appropriateness of detaining a noncitizen, and, in the IJ's discretion, they were denied bail," the court "would likely lack jurisdiction to consider a collateral attack on that denial.").